**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RONALD E. MARSHALL,

    Plaintiff,

v.                                                         No. CIV-05-0230 WJ/RHS

ESTER APODACA, CCDC ADMINISTRATOR, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint alleges that Defendants have denied, or failed to respond to, Plaintiff's requests for copies of books on legal procedure, legal supplies, court addresses, and lists of available legal

materials.  No one has responded to Plaintiff's grievance form.  Plaintiff claims Defendants' actions have violated a number of his constitutional rights.  He seeks damages and equitable relief.

Plaintiff's allegations do not support constitutional claims.  First, a claim of denial of access to the courts requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents.  *Id.* at 350.  The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' "  *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).  Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense."  *Lewis*, 518 U.S. at 351.  Here, Plaintiff only alleges that he cannot obtain certain supplies and lawbooks from officials.  Because the Constitution does not ensure the access requested by Plaintiff, *see Dahler v. Goodman*, No. 01-3340, 2002 WL 31195030, at *5 (10th Cir. Oct. 3, 2002), and because Plaintiff does not allege active interference with his preparation and filing of papers, no relief can be granted on his claim.  The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; all pending motions are DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE